Matter of Goldman Sachs Petershill Fund Offshore Holdings (Del.) Corp. v New York City Tax Appeals Tribunal (2022 NY Slip Op 02361)

Matter of Goldman Sachs Petershill Fund Offshore Holdings (Del.) Corp. v New York City Tax Appeals Tribunal

2022 NY Slip Op 02361

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. TAT (E) 16-9 (GC) Appeal No. 15710M-640 Case No. 2021-02517 

[*1]In the Matter of Goldman Sachs Petershill Fund Offshore Holdings (Delaware) Corp., Petitioner,
v
New York City Tax Appeals Tribunal, et al., Respondents, Professor Richard Pomp, Amicus Curiae.

Jones Walker LLP, New York (Alysse McLoughlin of counsel), for petitioner.
Sylvia Hinds-Radix, Corporation Counsel, New York (Andrew G. Lipkin of counsel), for respondent.
Roberts Law Group, White Plains (R. Gregory Roberts of counsel), for Professor Richard Pomp, amicus curiae.

Decision of respondent Tax Appeals Tribunal, dated March 12, 2021, affirming an administrative determination that sustained a notice of deficiency in petitioner's New York City General Corporation Tax on its tax return for the 2010 tax year, unanimously confirmed, the petition denied and this CPLR article 78 proceeding, commenced in this Court pursuant to CPLR 506(b)(4), unanimously dismissed, without costs.
The primary issue in this proceeding is whether the capital gain arising from petitioner's sale of its minority membership interest in Claren Road Asset Management, LLC — a limited liability company taxed as a partnership and conducting business in the City — is subject to the General Corporation Tax (GCT) even though petitioner itself has no other presence in the City. The Tribunal rationally determined that petitioner failed to demonstrate that the City impermissibly sought to impose the GCT upon income attributable to activities carried on outside its borders (see Matter of Allied-Signal Inc. v Commissioner of Fin. , 79 NY2d 73, 79 [1991]). In Allied-Signal , the Court of Appeals held that for tax purposes it did not matter whether the taxpayer was present or domiciled in the City because the business activities conducted in the City by the entity in which the taxpayer had invested provided a nexus between the taxpayer's capital gain and the City, even in the absence of a unitary relationship between the corporations (79 NY2d at 81-82). The nexus between the City and petitioner's capital gain is Claren's activities in the City, which generated petitioner's investment income (on which petitioner paid taxes to the City) (see id. at 82).
Petitioner argues that the capital gain was earned outside of the City because the activities related to its investment in Claren were performed in London. However, while the investment team's business acumen may have influenced the timing of petitioner's sale of its partnership interest, it was rational for the Tribunal to conclude that the capital gain was attributable to the value of Claren on the date it was sold. "The fact that a tax is contingent upon events brought to pass without a state does not destroy the nexus between such a tax and transactions within a state for which the tax is an exaction" (State of Wisconsin v J.C. Penney Co. , 311 U.S. 435, 445 [1940]).
We have considered petitioner's remaining contentions and find them unavailing.
M-00640 Goldman Sachs Petershill Fund Offshore 
Holdings (Delaware) Corp. v New York City 
Tax Appeals Tribunal et ano. Motion for leave to file an amicus curiae brief
granted to the extent of deeming the proposed
amicus brief and the proposed responsive brief filed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022